UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EDGAR GIOVANNY MANOBANDA AROCA,

Petitioner,

v.

FERETI SEMAIA, et al.,

Respondents.

Case No. 5:26-cv-05107-PD

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**

**A# 246-148-558**

Edgar Giovanny Manobanda Aroca ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking release from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California. Dkt. No. 1. Pursuant to General Order 26-05, Respondents' answer was due September 10, 2026. *See* Dkt. No. 6. Respondents did not file an answer by that deadline and as of the date of this Order, no answer has been filed.

## I. Background

The Court incorporates by reference, the allegations set forth in the Petition, and attached exhibits. Dkt. No. 1.

## II. Discussion

Petitioner argues his detention violates the following: (1) procedural due process; and (2) substantive due process.

## III. Procedural Due Process

The re-detention, without notice or a pre-deprivation hearing, of a noncitizen who was released on conditions shortly after entering into the United States and then fully complied with those conditions, can constitute a violation of the right to due process. *See Cruz v. Lyons, et al.,* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in). *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen who had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

### 1. Private Interest

Petitioner has a substantial private interest in remaining out of custody. Petitioner has resided in the United States since October 16, 2022, when he entered the country, was detained by Border Patrol for one day, and then released on October 17, 2022 under 8 U.S.C. § 1182(d)(5) (conditional humanitarian parole).[1] Thereafter, he resided in Long Beach, California with his wife, two daughters, and several U.S. citizen family members, including his U.S. citizen grandchildren. Petitioner worked as a cleaner at a laundromat, and at a seafood company in production. He also attended church services with his family every Sunday and spent his free time taking care of his daughters and grandchildren, especially in the evenings, when his wife was at work. Petitioner is also the only family member with a driver's license and would drive his family members wherever they needed to go. In addition, Petitioner would send money to his ailing mother in Ecuador, to help pay for medical care and food. Petitioner was detained by Immigration and Customs Enforcement ("ICE") on August 27, 2026, after he appeared for his scheduled ICE check in. Petitioner had recent surgery and suffers from back and hip pain; he takes pain medication but ran out. While detained, Petitioner has not received any medical care for his back and hip pain. Petition at 3–6.[2]

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671,

---

[1] Petitioner is a derivative of his wife's asylum application, which is based on gang violence/retaliation in Ecuador. Petition ¶ 14.

[2] The Court uses the page numbers inserted into the pleadings by the Court's electronic filing system.

683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

The Court therefore concludes that—consistent with decisions from this District and others—the Due Process Clause protects Petitioner's substantial interest in maintaining his freedom from confinement. *See Cruz*, 2025 WL 4051129 at *3; *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2025 WL 3059549 at * 10 (E.D. Cal. Nov. 1, 2025) (finding a petitioner had a constitutionally protected liberty interest in "approximately four years on parole"); *Fernandez Lopez v. Wofford*, No. 1:25-cv-01226-KES-SKO, 2025 WL 2959319, at *4 (E.D. Cal. Oct. 17, 2025) (same, with respect to "nearly four years" of parole). *See also Manzanarez v. Bondi*, No. 1:25-cv-01536-DC-CKD, 2025 WL 3247258 at *4 (E.D. Cal. Nov. 20, 2025) (same, with respect to "over two years" on an order of release on recognizance).

**2. Risk of Erroneous Deprivation**

With respect to the second *Mathews* factor, "[t]here is an unacceptably high risk that the government would erroneously deprive—or already has erroneously deprived—Petitioner of h[is] liberty interest absent a pre-detention hearing." *Cruz*, 2025 WL 4051129 at *4. The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger

to the community. *Zadvydas v. Davis,* 533 U.S. 678, 697 (2001). But Petitioner has not been afforded any process to determine whether his detention in fact advances either purpose.

In evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history. *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal. Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community"). Petitioner alleges that he has complied with all ICE reporting requirements, has a pending asylum case, a valid work permit, a stable residence, strong community and family ties, stable employment, and no criminal history. Petition ¶ 60. By not filing an answer, Respondents have presented no evidence to rebut these allegations.

Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Further, Petitioner's release was predicated on the Government's determination that Petitioner did not present a danger or flight risk requiring his detention. *See* 8 C.F.R. § 212.5 (permitting release on parole under 8 U.S.C. § 1182(d)(5)(A) in limited circumstances, "provided the aliens present neither a security risk

nor a risk of absconding"). Since then, Petitioner has established substantial ties with the community and has complied with all reporting requirements.

Further, Respondents' failure to oppose Petitioner's claim itself is a basis to grant the Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

Based on the record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary re-detention.

**3. Government Interest**

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, 2025 WL 4051129 at *4 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]' " *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondents' lack of constitutionally adequate procedures has resulted in his unnecessary detention, and any government interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process. Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claim. Nothing prevents Petitioner from raising this claim again in the future, should the Government re-detain Petitioner following the procedures set forth above.

## IV. Conclusion

The Court grants the Petition based on Claim One under procedural due process and dismisses the remaining claim without prejudice.

## V. Order

For the foregoing reasons, the Petition is GRANTED as to Claim One and the remaining claim is dismissed without prejudice.

Petitioner Edgar Giovanny Manobanda Aroca (A# 246-148-558) is **ordered released** within 24 hours of this Order under the terms and conditions of Petitioner's existing release, as if Petitioner had not been detained. This Order does not provide Petitioner with blanket immunity from future detention – that relief is likely beyond the Court's jurisdiction – but any future enforcement actions after release must comply with Due Process requirements.

At the time of release, **Respondents are ordered** to return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2) confirming the return to Petitioner of his personal belongings, including the above-listed items.

IT IS SO ORDERED.

DATED: September 15, 2026

Patricia Donahue
United States Magistrate Judge